### Ex parte NOEL BURTON.

No. A-4169.   Opinion Filed March 18, 1922.
(205 Pac. 193.)

Noel Burton, after preliminary examination on charge of murder, was held without bail, and he brings habeas corpus to be admitted to bail. Writ denied, and bail refused.

Crump, White & Seawel, for petitioner.

George F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for respondent.

PER CURIAM. In this proceeding petitioner, Noel Burton, by his attorneys, filed in this court on January 10, 1922, a

petition wherein it is averred that he is unlawfully restrained of his liberty and imprisoned in the county jail of Mayes county by John A. Birchfield, sheriff of said county, under and by virtue of a commitment issued by J. C. Chandler, justice of the peace of Pryor Creek district, upon a preliminary examination wherein petitioner was charged with the murder of one J. R. Thornton, and that his illegal detention consists in this, to wit, that under the evidence introduced on his preliminary examination the proof of his guilt is not evident, nor the presumption thereof great, and that petitioner is not guilty of the crime of murder; that on the 10th day of December, 1921, he filed an application for bail before Hon. A. C. Brewster, district judge then sitting at Pryor; and that upon a hearing before said judge bail was denied. A transcript of the testimony taken upon the preliminary examination is annexed to, and made a part of, his petition.

The testimony developed upon the preliminary examination tends substantially to show the following state of facts: That J. R. Thornton, deceased, age 24 years, lived two or three miles east of Saline; that the defendant was a foreman on a railroad construction crew with a camp not far from the home of the deceased; that men in the camp had been buying milk, butter, chickens and eggs on credit until pay day from the family; that on the evening of this shooting there was discussion about how much one or two of the men owed. The deceased and his brother were present, and the defendant, and they were all drinking whisky together, with three or four other men. A man came up and told the defendant that his father wanted to see him. He left, saying that he would not be gone long, about 15 minutes; he came back with a Winchester and said, "I have this Winchester, it has 16 loads in it, and you son of bitches scatter." The deceased said, "What is the matter, Noel? I am your friend." The defendant said, "You

are not my friend; this is all the friend I have got," and patted the Winchester on the stock; the defendant's father walked up and said to the defendant, "Go on," and the defendant raised the gun and shot Ott Thornton, brother of the deceased, through the leg. He fell. The deceased started to run away, and the defendant fired four shots at him, at which time the defendant's father took the gun from him. When he was shot deceased fell.

The doctor who was called to attend him testified that the bullet entered the body just back of the median line, about the seventh rib, and entered the right lung; that the shooting occurred on Sunday, and the deceased died Wednesday morning as a result of the gunshot wound.

The defendant did not take the witness stand in his own behalf.

The settled rule of this court is that upon an application for bail by writ of habeas corpus, after commitment for a capital offense, the burden is upon the petitioner to show facts sufficient to entitle him to bail, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. Under this rule, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, bail will be refused where, as in this case, the commission of the homicide having been admitted, the defendant does not take the witness stand on the preliminary examination, and does not elect to testify in support of his application for bail.

Upon a consideration of all the evidence presented in support of the application in this case, we are of opinion that peti-

tioner is not entitled as a matter of right to be admitted to bail. It is therefore considered and adjudged that the writ be denied, and bail refused.